## MAY v. ULLRICH.

1. WITNESSES—OFFICER OF BANK—ESTATES OF DECEDENTS.
   Where, in a proceeding in equity by the receiver of an insolvent bank to enforce an assessment against the estate of a stockholder, it was stipulated that the testimony of the cashier should stand as the testimony of the bank commissioner, such evidence is competent, although the cashier, as an officer of the bank, was disqualified to testify to those facts which were equally within the knowledge of the deceased person.

2. INTEREST—ASSESSMENT ON BANK STOCK.
   Interest is recoverable upon an assessment by the receiver of an insolvent bank against a stockholder, when such assessment is past due and not paid on demand.

Appeal from Ingham; Wiest, J. Submitted October 17, 1902. (Docket No. 88.) Decided December 16, 1902.

Bill by John A. May, receiver of the Ingham County Savings Bank, against Paul J. Ullrich, administrator of the estate of Paul Ullrich, deceased, impleaded with James R. Trimble, to enforce an assessment on stock. From a decree for complainant, defendant appeals. Affirmed.

*S. L. Kilbourne*, for complainant.

*Black & Dolan*, for defendant.

HOOKER, C. J.   On November 1, 1886, Paul Ullrich, of
Mt. Clemens, since deceased, became the owner of and
received a certificate for 10 shares of the capital stock of
the Ingham County Savings Bank of Lansing, Mich., and
the same was held by him when the bill was filed in
this cause.   On October 23, 1893, he became the owner
and received a certificate for 50 shares of said stock, and
continued to own the same until July 27, 1896, on which
day his son and present administrator, under instructions
from his father, surrendered the certificate for cancella-
tion, requesting the issue of a new certificate to one James
R. Trimble.   On August 6, 1896, the bank voluntarily
closed its doors, was taken in charge by the State banking
commissioner, and on August 13, 1896, was decreed to be
insolvent.   The complainant is the receiver appointed by
the court.   On July 26, 1897, an assessment of 65 per
cent. of the stock was made by order of the court upon
petition of the receiver, which petition stated the transfer
of the stock from Ullrich to Trimble, and alleged that it
was fraudulent and void.   Demand of payment was made
upon Ullrich, and refused, and the bill in this cause was
filed to collect the assessment, both Ullrich and Trimble
being made parties defendant.   Ullrich died before answer,
which was subsequently filed by his son and adminis-
trator.   The bill was taken as confessed against Trimble.
The bill was dismissed as to Trimble, and a decree was
entered in favor of the receiver against the administrator,
who has appealed.

Three questions only need consideration:   (1) Was the
bank insolvent when the stock was transferred to Trimble?
(2) Was such transfer fraudulent?   (3) If the first two ques-
tions be answered in the affirmative, should the receiver
recover interest upon the amount assessed upon this stock?

1. Counsel for defendant do not appear to discuss the
first question stated above, but the fact of insolvency is
denied in the answer, where it is said that the court had
not jurisdiction to make the order of assessment.   We do
not find anything in the proofs showing that the order is

void, and the evidence convinces us that the bank was insolvent. It is unnecessary, therefore, to discuss the legal questions that might be raised upon a different record relating to this subject.

2. Were we to treat all of the testimony offered upon the hearing as competent, there would be no lack of evidence to support the complainant's contention; but much of this testimony was given by Dr. May, the receiver and cashier of the bank, by two other witnesses,—Pratt and Esselstyn, —who were directors, and by Trimble; and counsel for the appellant contend that much of their testimony was inadmissible under the statute (3 Comp. Laws, § 10212, which excludes interested parties from testifying to matters equally within the knowledge of one deceased), upon the ground that the first three, being officers of the bank, are excluded by the express terms of the statute, and that Trimble is within its spirit for the reason that, if Ullrich should not be held liable, he (Trimble) should be.

There is much force in this claim of appellant's counsel. Dr. May gave testimony concerning a transaction which occurred on July 16th, on which occasion both the cashier and Ullrich were present, with other officers of the bank and the State banking commissioner. The record contains a stipulation that the cashier's testimony regarding this meeting should stand as the testimony of the bank commissioner, whom it was inconvenient to call. We are of the opinion that this testimony discloses circumstances which make it improbable that Mr. Ullrich, the president of the bank, was ignorant of the straitened condition of the affairs of the bank, and, together with Trimble's pecuniary condition and business relations with Ullrich, as shown by the testimony of the younger Ullrich, justify the conclusions reached by the learned circuit judge, both as to Ullrich's design and Trimble's willingness to aid him in avoiding his personal liability. We may therefore disregard the questionable testimony, and still find the bill sustained by the evidence.

3. The remaining question, relating to the interest,

needs little discussion. The claim was liquidated by the assessment, and, not being paid when due, interest is recoverable as upon any other overdue obligation.

The decree of the circuit court is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.